Mr. Justice Colcoch
delivered the opinion of the Court.
As at common law costs are not recoverable, and when given by statute are usually regulated by the quantum of damages recovered, here, from the nature of the proceeding, no damages are given, and it would seem absurd to say costs should be allowed where there are no damages. This is clearly established in the case of English arid Denton, (9 Nott & M'Cord, 376,) decided at the Spring Sitting, 1820. The act of 1791, regulates the fees which shall be received and taken by certain officers who are en-i titled to fees for the different services in the respective suits in this act specified and contained, in lieu of all other demands whatever for said services ; and to attornies in the Superior Courts of law for cases of dower and partition says, “ all fees from the commencement to the end of the proceedings, all services inclusive, surveyors fees extra, £ 5.” Which sum is to be paid by all concerned; for in all cases of minority, an application to the Court is indispensably necessary, and in all others adviseable,- and is equally beneficial to all.
By the 27th section of the act of 1791, (1 Brevard, 348) it is directed “ that at whatever stage any suit may cease or determine, the attornies, clerks and sheriffs shall have their fees taxed, and on non-payment thereof, execution? may be issued against the party from -whom they are due™ Now from whom aré these fees due ? From all the parties to the partition. The taxation then, if any take place, *164 musí be against all the parties to the proceeding, and not 'against those who are called on to.shew cause why the par» tit ion should not take place.
The motion is dismissed.
Justices Nott, Johnson and Huger, concurred.
Mr. Justice Richardson, dissented.
Mr. Justice Gantt!
I am of opinion that if the. summons be by consent of all interested, then the £s are to be paid by the estate ; otherwise when it becomes necessary by the obstinacy of any one against whom it issues; then it devolves on him.